UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIN RODRIGUE                                                                  CIVIL ACTION

VERSUS

THE SEAFOOD SOURCE OF                 NO.: 3:13-cv-00817-BAJ-SCR
LOUISIANA, INC.

## RULING AND ORDER

Before the Court is Defendant The Seafood Source of Louisiana, Inc.'s ("Seafood Source") **RULE 12(B)(6) MOTION TO DISMISS (Doc. 6),** seeking an order dismissing Plaintiff Erin Rodrigue's ("Rodrigue") Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), (*id.* at p. 1). Rodrigue opposes Seafood Source's Motion. (Doc. 11). The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1441. Oral argument is not necessary.

**I.   BACKGROUND**

This action involves a dispute for "unpaid overtime wages" between Rodrigue and Seafood Source—Rodrigue's former employer. (Doc. 3 at ¶ 1). According to the Amended Complaint, Seafood Source employed Rodrigue as a full-time laborer "from approximately March 24, 2011, until some time in July or August of 2012." (*Id.* at ¶¶ 3–4). Rodrigue performed "manual labor to repair [Seafood Source's] cold storage freezer." (*Id.* at ¶ 4). During the course of his employment with Seafood Source, Rodrigue alleges that he "worked overtime hours each and every pay period . . ., an average of 75 hours per week." (*Id.*). However, despite working copious

overtime, Rodrigue alleges that he "was paid every week for [only] 40 hours straight time," at a "rate of pay of $10 per hour," for a total of "$400.00 per week." (*Id.* at ¶ 5). The Amended Complaint further states that when Rodrigue "reported" Seafood Source's failure to pay him overtime wages, Seafood Source "amended [his] W-2 tax returns to show that he received more wages that he was actually paid." (*Id.* at Doc. 10).

On December 3, 2013, Rodrigue sued Seafood Source in Baton Rouge City Court, Baton Rouge, Louisiana alleging that Seafood Source's actions violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Louisiana Wage Payment statute, La. R.S. 23:631 *et seq.*, (Doc. 1-1 at p. 7). On December 20, 2013, Seafood Source removed Rodrigue's petition to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1 at ¶ 5). Shortly thereafter, on December 31, Seafood Source filed a motion to dismiss asserting that "Rodrigue fail[ed] to allege any facts to indicate that he is covered by the FLSA or that The Seafood Source is covered by the FLSA," and, further, that "[Rodrigue's] claim under Louisiana's Wage Payment statute [was] preempted by his claim under the FLSA." (Doc. 2 at p. 1).

Rodrigue responded to Seafood Source's December 31 motion to dismiss by amending his original Petition to add certain factual allegations, and to omit his state law claim. (*See* Doc. 3). The parties' agree that Rodrigue's Amended Complaint "mooted" Seafood Source's December 31 motion to dismiss. (Doc. 12 at

¶ C; *see also* Doc. 14 (Order dismissing as moot Seafood Sources December 31 Motion to Dismiss)). However, on February 4, 2014, Seafood Source filed a second Motion to Dismiss, asserting that "[Rodrigue's] Amended Complaint . . . still fails to state a claim upon which relief can be granted." (Doc. 6-1 at p. 1). Rodrigue disagrees, contending that his Amended Complaint adequately pleads a cause of action under the FLSA. (Doc. 11). For reasons to follow, Seafood Source's Motion to Dismiss will be denied.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 634 (5th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Stated differently, a complaint must state "more than labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[a] plaintiff's claim must contain enough facts to state a claim to relief that is plausible on its face. A petition meets this standard when it contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brand Coupon Network*, 748 F.3d at 634

3

(quotation marks omitted). When reviewing a Rule 12(b)(6) motion, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### III. ANALYSIS

Rodrigue's Amended Complaint alleges a claim for unpaid overtime wages pursuant to the FLSA. (Doc. 3 at ¶ 1). To establish a prima facie case for unpaid overtime wages, Rodrigue's Amended Complaint must show: (1) Seafood Source employed him; (2) Seafood Source is an enterprise engaged in interstate commerce covered by the FLSA; (3) Rodrigue worked in excess of a 40–hour workweek; and (4) Seafood Source failed to pay Rodrigue adequate overtime wages. *See* 29 U.S.C. § 207(a); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

Seafood Source does not dispute that Rodrigue's Amended Complaint sufficiently alleges that Seafood Source employed Rodrigue; that Rodrigue worked in excess of forty hours per week; and that Rodrigue was not adequately compensated. (*See* Doc. 6; Doc. 6-1). Seafood Source's *sole* contention is that Rodrigue has failed to allege sufficient factual matter to show that "Seafood Source is covered by the FLSA," insofar as Rodrigue's Amended Complaint "provides **no factual support** for his contention that The Seafood Source is an 'enterprise

engaged in commerce" within the meaning of the FLSA." (*See* Doc. 6-1 at p. 3, 7 (emphasis in original); *see also id.* at pp. 5–9).

"The FLSA guarantees overtime pay to employees engaged 'in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage'). *Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)) (emphasis in original). Rodrigue contends that his Amended Complaint adequately pleads "enterprise coverage." (*See* Doc. 11 at p. 3). Thus, to survive Seafood Source's Motion to Dismiss, Rodrigue's Amended Complaint must allege facts giving rise to at least a reasonable inference that Seafood Source is an "enterprise engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207(a). This requires Rodrigue to show that Seafood Source:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A)(ii).

Rodrigue's Amended Complaint alleges that Seafood Source engages in "gulf and global seafood sales and distribution." (Doc. 3 at ¶ 7). This allegation easily satisfies section 203(s)(1)(A)(i)'s requirement that Seafood Source's business

5

involves "goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C.A. § 203(s)(1)(A)(i); *cf. Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) ("The FLSA's definition of employer must be liberally construed to effectuate Congress' remedial intent."). Further, Rodrigue's Amended Complaint alleges: "During all times relevant, upon plaintiff's information and belief, . . . Seafood Source of Louisiana, was engaged in interstate commerce with an annual gross volume of sales or business over $500,000." (Doc. 3 at ¶ 7). This allegation is sufficient to satisfy the requirements of section 203(s)(1)(A)(ii). *See* 29 U.S.C.A. § 203(s)(1)(A)(ii).[1]

In sum, the Court determines that Rodrigue's Amended Complaint "contains factual content that allows the court to draw the reasonable inference" that Seafood Source is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. *See Brand Coupon Network*, 748 F.3d at 634. Thus, Rodrigue's Amended Complaint is sufficient to withstand Seafood Source's Motion to Dismiss.

---

[1] Seafood Source complains that Rodrigue's Amended Complaint "simply regurgitates" section 203(s)(1)(A)(ii)'s requirement regarding annual sales equal to or greater than $500,000.00. (*See* Doc. 6-1 at p. 6–7). On this point, the Court tends to agree with Seafood Source's assessment that the Amended Complaint does little more than "track the language of the definition of an 'enterprise engaged in commerce.'" (*Id.* at p. 7). "The failure of specificity is no fault of [Rodrigue's], however, because he has not yet had the benefit of discovery, and is bound by Rule 11 to allege only those facts for which he has or will likely have evidentiary support." *See Morgan v. Hubert*, 335 F. App'x 466, 472 (5th Cir. 2009) (unpublished but persuasive). Further, the U.S. Fifth Circuit Court of Appeals has repeatedly emphasized that district courts should "not require a plaintiff to plead facts 'peculiarly within the knowledge of defendants.'" *Id.* (quoting *Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995)). Facts regarding Seafood Source's annual sales volume "fall squarely within that category." *See id.*

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Seafood Source's **RULE 12(b)(6) MOTION TO DISMISS (Doc. 6)** is **DENIED.**

Baton Rouge, Louisiana, this 15th day of September, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**