UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIN RODRIGUE                                          CIVIL ACTION

VERSUS

THE SEAFOOD SOURCE OF
LOUISIANA, INC.                                        NO. 13-817-BAJ-SCR

RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 21)** filed by Defendant Seafood Source of Louisiana, Inc. ("Seafood Source"), seeking involuntary dismissal with prejudice of Plaintiff Erin Rodrigue's Fair Labor Standards Act action pursuant to Federal Rules of Civil Procedure ("Rules") 37(d) and 41(b). Rodrigue has responded to Seafood Source's motion with an unsworn statement. (Doc. 24.). Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated below, Seafood Source's **Motion to Dismiss (Doc. 21)** is DENIED.

I. Background

A. Rodrigue's Allegations and Seafood Source's Answer

Rodrigue's Amended Complaint avers that he served as a full-time employee of Seafood Source for about 16 months as a manual laborer tasked with repair of Seafood Source's cold storage refrigerator. (Doc. 3 at ¶¶ 3–4). Rodrigue alleges he worked an average of seventy-five hours per week while employed by Seafood

1

Source, but was paid for "40 hours of straight time" every week and was never paid overtime wages. (*Id.* at ¶¶ 4–5).

In its Answer, Seafood Source states that it employed Rodrigue as an outside salesman between March 2011 and August 2012. (Doc. 16 at p. 4). However, Seafood Source denies the substantive allegations in Rodrigue's Amended Complaint, and asserts a number of legal and equitable defenses. (Doc. 16).

B.  **Relevant Procedural History**

This action was filed in Baton Rouge City Court on December 3, 2013, and removed to this Court by Seafood Source on December 20, 2013. (Docs. 1, 1-1). On January 21, 2014, Rodrigue filed the Amended Complaint that the Court reviews here. (Doc. 3). Seafood Source filed motions to dismiss for failure to state a claim challenging Rodrigue's original petition on December 31, 2013 (Doc. 2), and his Amended Complaint on February 4, 2014 (Doc. 6). The motions to dismiss were denied by this Court on September 3, 2014 (Doc. 14) and September 15, 2014 (Doc. 15), respectively. Seafood Source then filed its Answer on September 29, 2014 (Doc. 16).

The Court originally set a fact discovery deadline of November 14, 2014. (Doc. 13). However, on November 13, 2013, Seafood Source filed an unopposed motion requesting a brief extension of the discovery deadline for the limited purpose of deposing Rodrigue because of a death in defense counsel's family and scheduled, out-of-town funeral and visitation services. (Doc. 17). The motion was granted, and

although the deadline for all other fact discovery remained November 14, 2014, the deadline to depose Rodrigue was extended to December 31, 2014. (Doc. 18).

On December 23, 2014, Seafood Source filed a second unopposed motion to extend the deadline to depose Rodrigue because Rodrigue failed to appear at his scheduled December 9, 2014 deposition. (Doc. 19 at ¶ 4). On December 24, 2014, the Magistrate Judge issued a second extension of the fact discovery deadline until January 6, 2015 for the limited purpose of deposing Rodrigue. (Doc. 20). Seafood Source avers that on January 5, 2015, the afternoon before Rodrigue's third scheduled deposition date, Rodrigue's counsel advised Seafood Source that Rodrigue was delayed in Indiana and, as per federal regulations regarding his transport load, would not be able to return in time for the scheduled deposition. (Doc. 21 at ¶ 12). Seafood Source filed this motion on January 16, 2015. (Doc. 21).

On January 27, 2015, Rodrigue's counsel filed a motion to withdraw (Doc. 22), which was granted by the Court on the same day (Doc. 23). Rodrigue then filed an unsworn statement on February 3, 2015 providing purported reasons that he did not attend his scheduled depositions. (Doc. 24). In his unsworn statement, Rodrigue maintains that he did not attend the deposition scheduled for December 9, 2014 because his attorney notified him of the scheduled meeting the evening before when he was in Indiana and "could not physically have attended." (*Id.*). Rodrigue further states that he failed to attend the deposition scheduled for January 6, 2015 because, although he was scheduled to be in Baton Rouge on the date of the deposition, "a case of food poisoning and extreme ice and snow weather conditions"

3

prevented him from arriving from Indiana. (*Id.*). Rodrigue also alleges that his counsel failed to keep a scheduled conference call with him to prepare him for the January 6, 2015 deposition and that his subsequent "efforts to reach [counsel] were unsuccessful." (*Id.*) In his unsworn statement, Rodrigues cites "counsel's failure to keep [Rodrigue] informed of scheduling deadlines and status of the case" as reasons he "has elected to represent himself in this matter." (*Id.*)

## II. Standard of Review

### A. Federal Rule of Civil Procedure 37(d)

Rule 37(d) provides that when "a party . . . fails, after being served with proper notice, to appear for that person's deposition," the Court may issue sanctions, including "any of the orders listed in Rule 37(b)(2)(A)(I)-(vi)." Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). The sanction of dismissal pursuant to Rule 37 "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

However, "[a] district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lessor sanction would not better serve the interests of justice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) and *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970)) (internal quotations omitted). Because dismissal is a serious

sanction that implicates due process, *see e.g. FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994), "'[t]he imposition of a sanction without a prior warning is generally to be avoided.'" *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (quoting *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988)).

Moreover, the U.S. Court of Appeals for the Fifth Circuit has noted that, where it has affirmed dismissals with prejudice, "'it has generally found at least one of the three aggravating factors: (1) delay caused by [the] plantiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

### B. Federal Rule of Civil Procedure 41(b)

Under Rule 41, a court may, on a defendant's motion, dismiss a plaintiff's action or any of his claims for want of prosecution or failure to comply with the Rules or a court order. Fed. R. Civ. P. 41(b). Such a dismissal generally operates as an adjudication on the merits, unless the court's dismissal states otherwise. *Id.* The Fifth Circuit has characterized an involuntary dismissal with prejudice as "the ultimate sanction," and instructed that it should only be used in the "most egregious," "most flagrant," and "extreme" circumstances. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212 (5th Cir. 1976). Dismissal with prejudice is a "severe sanction" that

5

"should be applied infrequently, and only when it is justified by extreme delay." *Ramsey*, 631 F.2d at 1214.

As with a dismissal under Rule 37(d), dismissal with prejudice should only be granted 1) "upon a 'clear record of delay or contumacious conduct by the plaintiff'" and 2) when the best interests of justice would not be served by lesser sanctions. *Callip*, 757 F.2d at 1519; *see also Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, No. 92-1209, 1993 WL 35716, at *8 (5th Cir. Feb. 5, 1993) (unpublished, but persuasive) ("In addition to finding a pattern of delay or contumacious conduct, the district court must find that lesser sanctions were or would be ineffective."). In addition to these two requisite factors, aggravating factors should be present including: 1) delay directly attributable to the plaintiff, instead of the plaintiff's attorney, 2) "actual prejudice to the defendant," and 3) "delay caused by intentional conduct." *Callip*, 757 F.2d at 1519 (stating that "one or more" of the three aggravating factors should be present); *see also Webb v. Morella*, 457 F. App'x 448, 453 (5th Cir. 2012) (unpublished, but persuasive) (stating that "at least one of three aggravating factors" should be present); *Holden v. Ill. Tool Works, Inc.*, 429 F. App'x 448, 453 (5th Cir. 2011) (unpublished but persuasive) (stating that "several aggravating factors" should be present to "bolster[]" the requisite factors).

III. <u>Analysis</u>

   A.   **The First Factor: Delay or Contumacious Conduct**

In considering dismissal under either Rule 37(d) or Rule 41(b), the Court must first determine whether the record in this case demonstrates that Rodrigue has clearly exhibited contumacious conduct or a pattern of delay. The Fifth Circuit has stated that "contumacious conduct" is "not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131–32 (5th Cir. 1987)). The Fifth Circuit has further recognized that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *McNeal*, 842 F.2d at 791 (quoting *John*, 828 F.2d at 1131).

When this motion was filed, the record established a delay of only about five weeks in the progress of the pretrial proceedings due to Rodrigue's failure to participate in the second and third scheduled depositions.[1] In addition, the record does not demonstrate either a clear record of the type of "stubborn resistance to authority" that is the hallmark of contumacious conduct or a "significant period[] of

---

[1] The record demonstrates that Rodrigue's deposition was originally scheduled for November 7, 2014 (Doc. 17 at ¶ 3), but upon Seafood Source's motion, was rescheduled to December 9, 2014 to accommodate the death in defense counsel's family. (Doc. 19 at ¶¶ 3–4). Rodrigue failed to appear at the December 9, 2014 deposition, and the parties agreed to reschedule the deposition for a second time, until January 6, 2015. (*Id.* at ¶ 4). Rodrigue again failed to appear on the January 6, 2015 deposition date. (Doc. 21). In response, Seafood Source filed this Motion to Dismiss on January 16, 2015. (*Id.*). As such, Rodrigue's failures to appear at the second and third scheduled depositions delayed the proceedings from December 9, 2014 until the filing of this motion on January 16, 2015.

7

total inactivity." Although the fact discovery deadline has been twice moved for the limited purpose of deposing Rodrigue, the trial date set in the original Scheduling Order (Doc. 13) has not been changed or postponed (Docs. 18, 20). Similarly, the record does not indicate that Rodrigue has consistently resisted the Court's authority, but rather that he may have missed the second and third deposition dates for reasons that may have been unintentional and/or beyond his control.[2] In the absence of additional clarification and confirmation of the reasons behind Rodrigue's unacceptable absences, the Court declines to attribute the absences to contumacious conduct.

B. The Second Factor: The Best Interests of Justice

The second issue the Court must decide in weighing dismissal under either Rule 37(d) or Rule 41(b) is whether a lesser sanction than involuntary dismissal with prejudice of Rodrigue's action would meet the best interests of justice and would be effective. Possible lesser sanctions include stay, dismissal, and reinstatement; award of attorney's fees; assessment of fines, costs, or damages; fining the party or disciplining the attorney; warning; or conditional reinstatement. *Thanksgiving Tower Partners*, 1993 WL 35716, at *8. A court may issue the "lenient sanction" of providing the plaintiff with additional chances after a procedural default, which may then justify dismissal with prejudice if the court's leniency is met with further default. *Callip*, 757 F.2d at 1521.

Here, the Magistrate Judge warned Rodrigue of a possible sanction if he did not appear for his third scheduled deposition date. However, the warning did not

---

[2] *See* discussion *infra* Part IIIC.

include a possible sanction of involuntary dismissal of this action. In granting Seafood Source's second motion for an extension of the discovery and dispositive motion deadlines, the Court stated:

> These deadlines will not be extended again based on the plaintiff's failure to appear for her [sic] deposition. Plaintiff's failure to appear for her [sic] deposition again may result in the plaintiff being prohibited from testifying at the trial or offering evidence in the form of an affidavit or declaration in support of or in opposition to a motion.

(Doc. 20 at p. 1). The Court finds this lesser sanction appropriate and will implement it in part: Rodrigue will be prohibited from testifying at the trial. However, the Court finds that prohibiting Rodrigue from offering limited evidence in opposition to this motion may impede justice.

### C. Rodrigue's Unsworn Response to this Motion

As noted in Seafood Source's Reply memorandum, Rodrigue's response to this motion is an inadmissible unsworn statement. *See* 28 U.S.C. § 1746; *Keely v. Moore*, 196 U.S. 38, 46 (1904); (Doc. 27 at p. 3). Seafood Source further argues that the Court should not allow Rodrigue to cure this deficiency because the twice-extended discovery deadline has expired. (Doc. 27 at p. 3). In addition, Seafood Source contends that Rodrigue has presented inconsistent reasons for missing the January 6, 2014 deposition, and that these inconsistencies "show why [Rodrigue's] attorney felt compelled to withdraw from representing him."[3] (Doc. 27 at p. 6). Lastly, Seafood Source maintains that Rodrigue "is not an unsophisticated litigant" and

---

[3] Rodrigue's attorney withdrew as counsel of record on January 27, 2015 (Doc. 23) because he believed that "continued representation will likely result in a violation of the rules of professional conduct or other law." (Doc. 22 at p. 1). No additional information was provided.

9

"does not deserve another chance to cure any defects in his submission." (Doc. 27 at p. 7).

The Court disagrees with Seafood Source's characterizations and will allow Rodrigue leave to cure the deficiencies in his response to this motion. Allowing Rodrigue to provide documentary evidence in support of his response to this motion would not extend the fact discovery deadline because the limited evidence provided would be in opposition to the instant motion, not in support of the underlying action. Further, Seafood Source provides only conjecture in support of its intimation that something untoward in Rodrigue's actions led his attorney to withdraw as his representative. (Doc. 27 at p. 5). Beyond that, Seafood Source's suggestion that Rodrigue's prior experiences as a party within both the criminal and civil justice systems should cause the Court to decline to extend to him the slight measure of leniency traditionally provided pro se litigants is, on its face, problematic. (Doc. 27 at p. 2 n.1, 7).

Although unsupported, Rodrigue's allegations in his response to this motion raise questions as to whether aggravating factors that would support an involuntary dismissal under Rule 41(b) are present in this case, specifically whether Rodrigue's failure to appear at his second and third scheduled deposition dates were attributable to the actions of his attorney and not to Rodrigue's own actions or intentional conduct. Rodrigue's failure to provide documentary evidence, under penalty of perjury, that would support the statements in his response could support a finding of contumacious conduct, show the inefficacy of lesser sanctions, and

demonstrate the presence of aggravating factors necessary to move this Court to dismiss this action with prejudice under Rule 41(b).

IV. <u>Conclusion</u>

The Court finds that although Rodrigue's actions resulted in a delay in the progress of the proceedings, the delay was not egregious and no clear record of contumacious conduct is present. Beyond that, the Court finds that, in the absence of further evidence, the lesser sanction warned by the Magistrate Judge and implemented by this Court will be both effective and in the best interests of justice. As neither of the requisite factors for an involuntary dismissal with prejudice of Rodrigue's action under either Rule 37(d) or Rule 41(b) have been met, a review of the record for the presence of aggravating factors is not necessary. However, the Court further finds that Rodrigue's failure to timely provide documentary evidence, under penalty of perjury, to support the statements set forth in his response to this motion and cure the deficiencies of his response could move the Court to dismiss this action, with prejudice, pursuant to Rule 41(b).

Accordingly,

**IT IS ORDERED** Plaintiff Erin Rodrigue shall not be permitted to testify at any trial in this action.

**IT IS FURTHER ORDERED** that Plaintiff Erin Rodrigue shall file with the Court sufficient, sworn documentary evidence, on penalty of perjury, supporting the assertions made in his February 3, 2015 response to Defendant Seafood Source's Motion to Dismiss (Doc. 21) by **May 12, 2015**. Failure to provide sufficient, sworn

documentary evidence in the new filing may result in the grant of Defendant Seafood Source's Motion to Dismiss (Doc. 21) pursuant to Rule 41(b).

**IT IS FURTHER ORDERED** that the deadline by which the parties shall file the final pretrial order is extended to **May 19, 2015**. All subsequent deadlines remain as established in the Court's December 24, 2014 Amended Scheduling Order (Doc. 20).

Baton Rouge, Louisiana, this 28th day of April, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**